IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,

    v.                                                          OPINION AND ORDER

S. HOEM, RUBIN-ASCH, and                                     11-cv-816-slc
SHANNON SHARPE,

                Defendant.

---

This is a proposed civil action for monetary relief in which petitioner Damien Green seeks leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915, against three members of the psychological services unit staff at the Wisconsin Secure Program Facility (WSPF). (Although Green's complaint includes allegations against various other defendants, he is proceeding in this case only on the claims against the WSPF defendants. *See Green v. Grams, et al.*, 10-cv-745-slc, dkts. 49,54.) Green has made the initial partial payment required under § 1915(b)(1).

The next step is determining whether the proposed action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Having done so, I conclude that the complaint fails to meet the requirements of Rule 8 and Rule 20 of the Federal Rules of Civil Procedure. Accordingly, the complaint will be dismissed with prejudice and Green will be given an opportunity to submit an amended compliant.

Green alleges the following facts in his complaint, which are assumed to be true for the sole purpose of this screening order:

ALLEGATIONS OF THE COMPLAINT

Defendant Shannon Sharpe is a crisis worker at WSPF.  Defendant Rubin-Asch is the head psychiatrist at WSPF.  Defendant S. Hoem is a member of the PSU staff.

On an unknown date, while Green was an inmate at WSPF, he told a sergeant on duty that he was going through mental distress and needed to see the crisis worker, Sharpe.  Sharpe refused to come to Green's need, which resulted in Green having a panic attack that became an asthma attack.  Sharpe's supervisor, Rubin-Asch, allowed this to happen.

Defendant S. Hoem failed to give Green proper mental health treatment at WSPF.  Every time Green submitted a PSU request, Hoem responded that she could give him "homework" but could not have in-person counseling with plaintiff.  However, Hoem provided in-person treatment to other inmates and brought them out of their rooms.

DISCUSSION

**I.  Pleading Requirements**

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).  Under Rule 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (before subjecting

2

defendants to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy," the plaintiff must meet a "high standard of plausibility").  A complaint consisting of nothing more than "'naked assertion[s]' devoid of 'further factual enhancement,'" must be dismissed for failing to meet the requirements of Rule 8.  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  The court must, however, construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson*, 551 U.S. at 94 (citation omitted); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

## II.  Green's Complaint

Green contends that defendants' actions violated his right to be free from cruel and unusual punishment under the Eighth Amendment.  His complaint is too vague, however, to provide defendants with fair notice of his claims.  For starters, Green has not alleged *when* the alleged incidents happened.  The complaint must put the defendant on notice of the claims and the grounds they rest upon, along with "some indication . . . of time and place."  *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).  Green's complaint offers no indication about when he asked Sharpe and Hoem to see him.

In fact, it appears from the complaint that Green may be alleging two separate incidents on two separate dates:  one involving Sharpe and one involving Hoem.  If this is the case, then in addition to his Rule 8 problems, Green has problems under Fed. R. Civ. P. 20.   Under that rule, a plaintiff may not assert unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction

or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036–2045 (2d ed. 1978).

Nothing in Green's complaint suggests that the incident involving Sharpe occurred on the same day as the incident involving Hoem or even that he was having the same kinds of mental health symptoms on those days. The only connection between the two incidents appears to be that both Sharpe and Hoem are members of the institution's PSU staff. This fact alone is not enough to connect what appear to be two, unrelated incidents.

Further, even if the incidents are related somehow, Green has not alleged facts sufficient from which it can be inferred that either Hoem or Sharpe was deliberately indifferent to his serious medical needs, which is what Green needs to prove in order to establish an Eighth Amendment violation. *Sanville v. McCaughtry*, 266 F.3d 724. "Serious medical needs" include (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated, (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997). A prison official has acted with deliberate indifference when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)).

With respect to defendant Hoem, all Green says is that she "failed to give him proper treatment." Green does not say what he needed treatment for or explain what symptoms he was having that Hoem failed to treat. Similarly, with respect to Sharpe, Green merely alleges that

he told the sergeant on duty that he was going through "mental distress and [need]ed to see the crisis worker." The term "mental distress," however, is too vague to put defendants on notice of what serious medical need Sharpe allegedly failed to treat. Was Green suicidal or contemplating acts of self-harm? Was he hearing voices? Was he having a panic attack? Green does not say. He does allege that he had a panic attack *after* Sharpe "refused to come to his need," but he does not allege any facts from which it can be inferred that Sharpe had any reason to know that Green might have a panic attack if she did not see him. A prison official can only be indifferent to problems of which she was or should have been aware.

Finally, Green has failed to allege facts showing the requisite personal involvement on the part of defendant Rubin-Asch. As Green is aware from prior orders, liability under § 1983 does not lie merely on the ground that a certain individual had a supervisory role over the alleged wrong-doers; rather, a supervisor is liable for the acts of his subordinates if he "approves of the conduct and the basis for it." *Backes v. Village of Peoria Heights*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Green's sparse allegations do not permit an inference that Rubin-Asch was aware of or condoned either Sharpe's or Hoem's alleged failure to treat Green.

For all these reasons, the complaint must be dismissed. I will allow Green one last opportunity to cure these defects. Specifically, if Green chooses to file an amended complaint, he should answer these questions:

On what date did Sharpe refuse to see him?

What symptoms was he having at that time?

Was Sharpe aware that he was having such symptoms?

5

How did she know this?

On what date or dates did Hoem refuse to see him?

What symptoms was he having at that time?

Was Hoem aware that he was having such symptoms?

How did she know this?

What role did Rubin-Asch play in either of these incidents?

As a final matter, I note that although this is technically the first screening order in this case, Green is well aware from prior orders in his related case of what he needs to allege to state a plausible Eighth Amendment claim. Accordingly, Green should understand that this is his one and only opportunity to file an amended complaint that cures the defects identified in this order. If he fails to do so, then the complaint will be dismissed with prejudice and Green will receive a strike.

ORDER

IT IS ORDERED THAT Damien Green's request for leave to proceed *in forma pauperis* is DENIED and the complaint is DISMISSED WITHOUT PREJUDICE. Petitioner has until February 12, 2012 in which to file an amended complaint that cures the defects identified in this order.

Entered this 18th day of January, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

6